## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

1. **TYLER SCHELLER,**

   **Plaintiff,**

v.

1. **THE WILLIAMS COMPANIES, INC., and**
2. **WILLIAMS WPC-I, LLC**

   **Defendants.**

**Case No. CIV-17-632-M**
Oklahoma County District Court
Case No. CJ-2017-2635

## NOTICE OF REMOVAL

Defendant, Williams WPC-I, LLC ("Defendant WPC"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby respectfully removes the above-styled action from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of this Notice of Removal, Defendant WPC states as follows:

## PROCEDURAL HISTORY

1.      On May 5, 2017, Plaintiff Tyler Scheller ("Plaintiff") filed a Petition in the District of Oklahoma County, Oklahoma, Case No. CJ-2017-2635, a copy of which is attached hereto as Exhibit 1. Plaintiff named two Defendants, The Williams Companies, Inc. and Williams WPC-I, LLC.

2.      On May 16, 2017, Plaintiff's Petition and Summons were mailed by certified mail to Defendant WPC in care of its Registered Service Agent. *See* Summons to

Defendant, WPC, attached hereto as Exhibit 2. Defendant WPC was served with the Petition and Summons on May 17, 2017. Accordingly, this Notice of Removal is timely and within thirty (30) days after Defendant WPC's first receipt of the Petition as required by 28 U.S.C. § 1446(b). The Defendant The Williams Companies, Inc. ("TWC") has not yet been served.

## STANDARD FOR REMOVAL

3.    This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States and shall be removable without regard to the citizenship or residence of the parties. Specifically, Plaintiff asserts claims arising under the Americans With Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Fair Labor Standards Act ("FLSA"). *See* Exhibit 1, ¶3.

4.    Plaintiff also asserts claims under the Oklahoma Anti-Discrimination Act ("OADA") and the Oklahoma Protection of Labor Act ("OPLA"). *See* Exhibit 1, ¶3. In any civil action of which this Court has original jurisdiction, this Court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Because Plaintiff's OADA and OPLA claims arise from the same case, controversy, or occurrence as Plaintiff's ADA, FMLA and FLSA claims, of which this Court has original jurisdiction, and these claims share a common nucleus of operative facts, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5.     Removal of this action to the United States District Court for the Western District of Oklahoma is therefore appropriate under 28 U.S.C. § 1441(a) because this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction, and the action is being removed to the district court of the United States for the Western District embracing the place where such action is pending.

6.     Additionally, even though the only other remaining defendant has not been served, this action is removable because a defendant who has not yet been served need not join in or consent to the notice of removal. *See Howard v. Bostrom,* 2007 WL 3046446, *1 (N.D. Okla. Oct 16, 2007); *see also Kiro v. Moore,* 229 F.R.D. 228, 230 (D.N.M. 2005) ("[I]f defendants have not been served, then they need not join in the notice of removal."); *Harlow Aircraft Mfg., Inc. v. Dayton Mach. Tool Co.,* No. 04-1377-JTM, 2005 WL 1153600, at *1-2 (D. Kan. May 16, 2005) ("[E]xceptions exist for the non-joinder of nominal, unknown, unserved or fraudulently joined defendants.") (internal quotation marks and citation omitted); *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533-34 n.3 (6th Cir. 199) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.") *Balazik v. County of Dauphin,* 44 F.3d 209, 213 n.4 (3rd Cir. 1995) ("[A] defendant who has not been served need not join in or consent to removal."); *Kopff v. World Research Group, LLC* 298 F. Supp.2d 50, 59 (D.D.C. 2003) ("While unanimity of defendants' consent to removal is a cornerstone of the removal process, unanimity is not defeated if those defendants absent from the notice of removal were never served properly

in the first instance.").

**VENUE**

7.      Because this action was filed in the District Court of Oklahoma County, State of Oklahoma, for purposes of removal only, Defendant WPC concedes that venue is proper pursuant to 28 U.S.C. § 1391.

**PROCEDURAL REQUIREMENTS**

8.      Written notice of the filing of this Notice of Removal will be provided to Plaintiff, together with a copy of the Notice of Removal and supporting papers. Pursuant to 28 U.S.C. § 1446(d), the same will be filed with the District Court of Oklahoma County, Oklahoma.

9.      No further process, pleadings or motions have been served in this matter. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed or served in the District Court Oklahoma County, State of Oklahoma, have been attached to this Notice of Removal. *See* Exhibit 1, Petition; Exhibit 2, Summons issued to Defendant WPC; Exhibit 3, Entry of Appearance of Mark Hammons; Exhibit 4, Entry of Appearance of Amber L. Hurst; and Exhibit 5, Entry of Appearance of Leah Roper.

10.      Pursuant to LCvR81.2, a copy of the state court docket sheet is attached hereto as Exhibit 6.

11.      Defendant WPC submits this Notice of Removal without waiving any right to request transfer of venue, without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be

4

granted, without admitting the appropriateness of its inclusion as a proper party in this action, without admitting that Plaintiff has standing, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

**WHEREFORE,** Defendant Williams WPC-I, LLC respectfully requests that the above-styled action now pending against it in the District Court of Oklahoma County, Oklahoma, be removed to the United States District Court for the Western District of Oklahoma, and thereafter requests all such other and further relief as this Court may deem just and proper.

Dated: June 6, 2017                                    Respectfully submitted,

                                                       **HALL, ESTILL, HARDWICK,**
                                                       **GABLE, GOLDEN & NELSON, P.C.**


                                        By:    *s/Steven A. Broussard*
                                               Steven A. Broussard, OBA
                                               320 South Boston Avenue, Suite 200
                                               Tulsa, OK 74103-3706
                                               Telephone: (918) 594-0594
                                               Facsimile: (918) 594-0505
                                               Email: sbroussard@hallestill.com

                                               **ATTORNEYS FOR DEFENDANT,**
                                               **WILLIAMS WPC-I, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2017, I electronically transmitted the above and foregoing Notice of Removal to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Mark E. Hammons
Amber L. Hurst
Leah Roper
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102

*Steven A. Broussard*
Steven A. Broussard