# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER SCHELLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-17-632-M ) |
| THE WILLIAMS COMPANIES, INC., and WILLIAMS WPC-I, LLC, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Compel Discovery, filed March 20, 2018. On April 10, 2018, defendants filed their response, and on April 24, 2018, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

Plaintiff worked for defendants, and in June 2014, plaintiff suffered a heart attack and continued to suffer cardiac-related issues. Plaintiff alleges that he sought accommodations, including a reduced work load and time off work for cardiac rehabilitation. Plaintiff further alleges that defendants refused to reasonably accommodate him and further discriminated against him by giving him lower evaluations, write-ups for failing to attend work-related functions, and requiring him to work even more hours. Plaintiff asserts that defendants made his work environment so intolerable that he was forced to resign, resulting in a constructive discharge. Defendants deny they discriminated or retaliated against plaintiff.

II. Discussion

On November 27, 2017, plaintiff issued discovery to defendants. On January 31, 2018, defendants responded. Plaintiff alleges defendants' responses were deficient and now moves this

Court to compel defendants to supplement their responses to Interrogatory No. 4 and Request for Production Nos. 6, 14, 18, and 32.

    A.    <u>Interrogatory No. 4</u>

Interrogatory No. 4 states:

> Identify (defined as full name, last known home address, last known home or cell phone number, work address, year of birth, dates of employment and job title) each person who, during any part of the period from January 1, 2014 to the present was supervised (directly and/or indirectly) by Plaintiff's first and second-in-line supervisors.

Defendant Williams WPC-I, LLC's Objections and Responses to Plaintiff's Opening Discovery, attached as Exhibit 1 to Plaintiff's Motion to Compel Discovery with Authority, at 11. In response, defendants state that they will produce certain documents from which the information responsive to the interrogatory can be obtained. Specifically, defendants state that they will be producing the organizational charts for employees reporting to Michael Stackhouse, Harvey Stockman, Donald Ward Chase, and John Casto. Plaintiff asserts that the organizational charts do not provide the requested information.

In their response to plaintiff's motion to compel, defendants state that they have supplemented their response by identifying the personal contact information for current non-supervisory employee Chase and the current titles, dates of births, and employment tenure for all of plaintiff's first and second-in-line supervisors that he had while employed. Defendants, thus, contend that plaintiff's motion to compel is moot as to Interrogatory No. 4.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff's motion to compel is not moot as to Interrogatory No. 4. That interrogatory seeks the identity and contact information for persons who were supervised by plaintiff's first and second-in-line supervisors, not the identity and contact information for plaintiff's supervisors. Further, the Court finds that

Interrogatory No. 4 seeks relevant information and in their response, defendants have not set forth any objection to the information sought. Accordingly, the Court orders defendants to fully respond to Interrogatory No. 4.

B. Request for Production No. 14

Request for Production No. 14 states:

> Produce the "personnel documents" for the following persons:
> A. All persons who, from January 1, 2013 through the present, occupied the same and/or similar position as the Plaintiff and/or performed the same and/or similar job duties as the Plaintiff;
> B. All persons who, from January 1, 2013 through the present, were disciplined and/or terminated for the same and/or similar reasons that Plaintiff was disciplined and/or terminated;
> C. All persons who, from January 1, 2013 through the present, made a complaint (internal and/or external) of disability discrimination, disability-related retaliation, FMLA retaliation and/or FMLA interference;
> D. All persons who, from January 1, 2013 through the present, were accused of engage [sic] in misconduct of equal or greater seriousness than that attributable to the Plaintiff; and,
> E. All persons who, from January 1, 2013 through the present, requested medical-related accommodations and/or FMLA qualifying leave, limited to persons who held a similar position as the Plaintiff, performed similar job duties as the Plaintiff and/or were supervised by the same supervisors as the Plaintiff.

The Williams Companies, Inc. and Williams WPC-I, LLC Objections and Responses to Plaintiff's Opening Joint Requests for Production of Documents, attached as Exhibit 2 to Plaintiff's Motion to Compel Discovery with Authority, at 13-14. Further, plaintiff defines "personnel documents" as follows:

> documents, emails or electronically stored information containing the following information regardless of where those documents may be located: (A) last known home addresses, date of birth, home phone numbers; (B) job titles, job duties and dates of employment; (C) complaints concerning FMLA and/or disability discrimination

3

> and/or retaliation; (D) formal and/or informal disciplinary and coaching actions; (E) performance appraisals and evaluations; (F) requests for FMLA or FMLA qualifying leave and/or requests for medical accommodations; (G) training related to enforcement of disciplinary and discrimination policies and rules regarding discrimination, disability and FMLA; and (H) complaints of FMLA and/or disability type discrimination and/or retaliation.
>
> The request for "personnel documents" does not include information related to tax withholding, social security numbers, designation of beneficiaries, medical records and identification of spouses and children.

*Id.* at 13.

In their response to plaintiff's motion to compel, defendants state that they supplemented their responses to this request for production by providing plaintiff with the personnel records for employees with the same or similar job duties as those held by plaintiff during his employment or who had the same supervisors as plaintiff. Defendants, thus, contend that plaintiff's motion to compel is moot as to Request for Production No. 14.

In his reply, plaintiff asserts that his motion to compel is not moot as to this request for production. Specifically, plaintiff asserts that defendants did not produce personnel documents for approximately 15-20 draftsmen (plaintiff's position) who were also supervised by plaintiff's supervisors, Harvey Stockman and Michael Stackhouse, and who performed similar duties and were subject to the same rules as plaintiff. Additionally, plaintiff asserts that for those persons whose documents were produced, defendants limited production of performance records to the period after plaintiff's separation of employment when they should have produced performance records for the period these employees worked with plaintiff.

Having carefully reviewed the parties' submissions, the Court orders defendants to produce personnel documents for the approximately 15-20 draftsmen who were supervised by Mr.

4

Stockman and Mr. Stackhouse. Additionally, the Court orders defendants to produce documents in relation to this request that cover the time period the employees worked with plaintiff.

    C.     Request for Production No. 6

Request for Production No. 6 states:

> For any investigation(s) into complaints of disability discrimination and/or retaliation made by any employee of the Defendants working in the same facility as the Plaintiff (internal and/or external), produce documents (including emails, memos, notes, etc.) showing:
> A.    All complaints of discrimination and/or retaliation made;
> B.    The dates such complaints were made;
> C.    The persons whom the complaints were against;
> D.    All investigations made into such complaints;
> E.    All persons interviewed as part of such investigations (including all notes or other documents showing the questions asked by interviewers and responses provided by interviewees);
> F.    The outcome of such investigations; and,
> G.    Any action taken in response to complaints and/or the information learned through such investigations.
> This request is temporally limited to the period of January 1, 2012 to the present.

*Id.* at 7.[1]

In their response to plaintiff's motion to compel, defendants assert that other than non-privileged documents related to plaintiff's complaints, they do not have any records responsive to this request for production. Additionally, defendants assert that although they are unaware of any responsive documents, to the extent plaintiff is seeking the production of documents which are attorney/client communications or attorney work product, such documents are not discoverable. Having carefully reviewed the parties' submissions, the Court finds plaintiff's motion to compel

---

[1] Plaintiff has offered to limit the request to a three year period.

is moot as to Request for Production No. 6 as defendants do not have any responsive documents that are not claimed to be privileged.[2]

    D.    <u>Request for Production No. 18</u>

Request for Production No. 18 states:

> Produce: Copies of any charges of harassment, discrimination or retaliation filed against you with the EEOC, OHRC, DOL, DOJ, Department of Education or any federal, state or local agency from January 1, 2013 to the present;
>     A.    Your responses to such charges, together with any documents or attachments to such charges;
>     B.    Any lawsuits, tort claims, demand letters or demands for arbitration directed to you and asserting wrongful discharge, retaliation, discrimination or harassment in violation of any state or federal law or in violation of public policy; and,
>     C.    The answers or responses you filed to any such lawsuit, tort claim, demand letter or demand for arbitration.
> This request is limited to charges/claims materially related to disability discrimination, disability-related retaliation, FMLA retaliation and/or FMLA interference.

*Id.* at 16-17.

In their response to plaintiff's motion to compel, defendants assert that this request for production is overly broad, unduly burdensome, and seeks information that is not relevant to plaintiff's claims. Defendants further assert that the scope of the request should be limited to claims, charges, and lawsuits related to employees who were supervised by plaintiff's former supervisors or in the Oklahoma City facility. Finally, defendants assert that other than plaintiff's claim, they are unaware of any claims, charges, and lawsuits related to employees who were supervised by plaintiff's former supervisors or in the Oklahoma City facility.

---

[2] In his reply, plaintiff objects to defendants' claims of attorney-client privilege and work product protection. The Court will address the privilege objections in a separate section of this Order.

Having carefully reviewed the parties' submissions, the Court finds that Request for Production No. 18 is overly broad and should be limited to claims, charges, and lawsuits related to employees who were supervised by plaintiff's former supervisors or in the Oklahoma City facility. Thus, the Court finds plaintiff's motion to compel is moot as to Request for Production No. 18 as defendants do not have any responsive documents that are not claimed to be privileged.[3]

E.  Request for Production No. 32

Request for Production No. 32 seeks documents related to defendants' affirmative defenses. In their response to plaintiff's motion to compel, defendants assert they have supplemented their responses to Request for Production No. 32 by identifying non-privileged documents which they believe support various defenses identified in their answers. Defendants, therefore, contend that plaintiff's motion as to Request for Production No. 32 is now moot. In his reply, plaintiff contends that the motion to compel is not moot as to Request for Production No. 32 because defendants have limited the request to documents that it intends to use to support the affirmative defenses and have not produced documents which are relevant, and could be used by plaintiff to undermine such defenses. Plaintiff further asserts that documents relevant to an affirmative defense are not privileged.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff's motion to compel as to Request for Production No. 32 is not moot. Specifically, the Court orders that defendants produce, in addition to the documents they have already produced, any documents that are materially related, not just in support of, defendants' affirmative defenses. To the extent

---

[3] In his reply, plaintiff objects to defendants' claims of attorney-client privilege and work product protection. The Court will address the privilege objections in a separate section of this Order.

defendants are asserting a claim of privilege to documents that fall within Request for Production No. 32, the Court will address that issue in the following section.

F. Privileged Documents

Subsequent to plaintiff filing his motion to compel, defendants supplemented their discovery responses and provided plaintiff a privilege log for those documents withheld based upon the attorney-client privilege and the work product doctrine. Plaintiff asserts that defendants have waived any privilege by failing to timely disclose and provide a log. Having reviewed the parties' submissions, the Court finds that defendants have not waived any privilege claims. Specifically, the Court finds that defendants' privilege log was not so untimely as to warrant a waiver of the attorney-client privilege or the work product doctrine.

In his reply, plaintiff disputes defendants' claim of privilege to numerous documents. Because of the timing of the production of the privilege log in relation to the briefing of the instant motion and because the meet and confer between the parties occurred prior to the production of the privilege log, the Court finds it is unable to rule on any claims of privilege at this time. Specifically, the Court orders the parties to meet and confer regarding the documents in dispute on the privilege log. Once the parties have met and conferred, and if there are remaining documents in dispute, plaintiff shall file a motion regarding those documents. After that motion is fully briefed, the Court will determine whether defendants need to produce the disputed documents to the Court for an in camera review.

III. Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Compel Discovery [docket no. 24] as set forth above. To the extent that defendants have been

8

ordered to produce additional documents, defendants shall produce said documents to plaintiff on or before June 18, 2018.

**IT IS SO ORDERED this 1st day of June, 2018.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE